Chief Justice Borer;
delivered the Opinion of the Court.
This is a writ of errror, prosecuted by the defendant to a judgment for the.plaintiff, in an action, of ejectment.
Many points were made in the circuit court during the progress of the trial there, and which are relied on in this court for the reversal of the judgment.
There is but one, however, which we deem of vital importance in the cause, and that grows out of an exception taken to the opinion of the circuit court refusing to admit evidence offered by the defendant.'
The evidence offered by the defendant and rejected by the circuit court consists of a patent from the Commonwealth to Hay, a dee,d from Hay to A. Blackwell, and the record of á suit in chancery, brought against A. BlackwélBs heirs by Sarah Blackwell, in which she obtained a decree for a conveyance of an estate in the land in contest during her life, and it is under hér that the lessor of the plaintiff, as one of her children and heirs at law, sets up a claim to the land.
The avowed object of the evidence was to shew that the legal title was not in her, but in others and it is not pretended, that if admissible, it would not be sufficient for that purpose,* btit it is contended that the defendant was estoped to read the evidence because he purchased of Crews, who purchased of Woodruff, the late husband of the lessor of the plaintiff.
On what principle the alienee of the husband, or, as in this case, the alienee of the alienee of the husband, can be precluded from shewing.' that the wife, in ail action brought by her after the death of her husband to recover the possession óf the laud, has no title, or that the title is in others, vve are unable to perceive. Certainly it cannot be upon the principles of the common law.
At common law the alienation of the husband, was a discontinuance of the wife’s estate, and sho of course could not eiB, tei' after his death.
But by statute 32, H.' VIII. C. 28, re-enacted here in 1798, 1 Dig. L. K. 467, the widow may entes' according to her right and title notwithstanding the husband’s al* ienation.
Practice,
Mandate,
Caverlon for plaintiff; Turner for defendant.
On the contrary, at common law the alienatitín by the husband of the wife’s land, operated as a discontinuance of her right, and after the death of the husband, she could not, therefore, enter upon the land and of course could not maintain an action of ejectment* which is founded upon the right of entry.
It is true that in this respect the common law has been changed by the statute of 32 Hen. VIII. Ch. 28, which was re-enacted by the Legislature of this state in 1798, 1 Dig. 467, whereby it is provided that no conveyance or other act done by the husband alone, shall work a discontinuance of, or prejudice, tlve inheritance or free hold of the wife, but that after his death, she or her heirs may enter upon such lands, (‘according to their rights and titles therein.” '
But it is obvious that this provision was only intended to prevent the alienation of the husband from operating a discontinuance, and thereby taking aT way his wife’s right of entry, or that of her heirs, and cannot by any rational or even plausible construction be so expounded as to give to her a right of entry, when independent of the alienation of her husband she would have had no such right, and of course, it cannot preclude the alienee of the husband from shewing that she never had such right.
The circuit court, therefore, erred in rejecting the evidence offered by the defendant in that court.
As the admission of that evidence will change the the whole aspect of the case, it is unnecessary to decide the other point made in the case.
The judgment must be reversed with costs, and the cause remanded for new proceedings to be had* siot inconsistent herewith.